# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNIA KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| MOMENTIVE SPECIALTY CHEMICALS INC. | ) | |
| PENSION PLAN and MERCER HEALTH & | ) | |
| BENEFITS ADMINISTRATION, LLC, | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JOHNNIA KIRK, by and through her attorneys, THE LAW OFFICES OF JOSEPH V. RODDY, and complaining against Defendants, MOMENTIVE SPECIALTY CHEMICALS INC. PENSION PLAN and MERCER HEALTH & BENEFITS ADMINISTRATION, LLC, states as follows:

## INTRODUCTION

1. The Plaintiff, JOHNNIA KIRK, brings this action pursuant to the Employee Retirement Income Security Act (ERISA) § 502(a)(1)(B)—29 U.S.C. § 1132(a)(1)(B)—to recover benefits due to her as a beneficiary under the terms of her late husband Robert G. Greene's pension plan, MOMENTIVE SPECIALTY CHEMICALS INC. PENSION PLAN (hereinafter the "Plan"), and to enforce her rights under the terms of the Plan.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred within this Judicial District.

4. The ERISA statute provides a mechanism for administrative or internal appeal of benefit denials. 29 U.S.C. §1133. Plaintiff has exhausted all available administrative remedies.

## PARTIES

5. Plaintiff is a citizen of the state of Illinois and at all relevant times has been a resident of this Judicial District.

6. Plaintiff is the surviving spouse of Robert G. Greene, who died December 16, 2003.

7. Robert G. Greene was employed by Momentive Specialty Chemicals, Inc., formerly Borden Chemical, Inc., from 1973-1985.

8. At all relevant times, Momentive Specialty Chemicals, Inc., formerly Borden Chemical, Inc., was licensed in the state of Illinois and doing business in the state of Illinois.

9. At all relevant times, Defendant MERCER HEALTH & BENEFITS ADMINISTRATION, LLC (hereinafter "Mercer"), was licensed in the state of Illinois and doing business in the state of Illinois.

10. At all relevant times, Mercer was the administrator of the Plan.

11. At all relevant times, the Plan constituted an "employee pension benefit plan" as defined by 29 U.S.C. §1002(2)(A).

12. At all relevant times, Robert G. Greene constituted a "participant" in the Plan as defined by 29 U.S.C. §1002(7).

13. At all relevant times, Plaintiff constituted a "beneficiary" of the Plan as defined by 29 U.S.C. §1002(8).

## FACTS

14. In October 2011, Plaintiff submitted a request for benefits due to her as a beneficiary under the Plan.

15. On December 14, 2011, The Momentive Pension Service Center sent Plaintiff's counsel a letter acknowledging that at Robert G. Green's death, he was listed as a vested terminated employee with the Momentive Specialty Chemicals Inc. Pension Plan – Retirement Plan. The letter further acknowledged that Plaintiff was eligible to begin receiving a Pre-Retirement Spousal Death benefit on January 1, 2012 because Robert G. Green was not receiving any pension benefits and he was past the Normal Retirement Age. (See December 14, 2011 Letter from Momentive Pension Service Center, attached hereto as Exhibit A)

16. On January 4, 2012, Plaintiff sent Mercer, the Plan's administrator, a completed Direct Deposit Form and a completed W-4P Form for the benefits due to her under the Plan. (See Direct Deposit and W-4P Forms, attached hereto as Exhibit B)

17. On February 24, 2012, Plaintiff's counsel sent Momentive Pension Service Center a letter demanding the Plan pay Plaintiff the benefits due to her, as specified in the December 14, 2011 letter. (See February 24, 2012 Demand Letter, attached hereto as Exhibit C)

18. Thereafter, Plaintiff's counsel contacted Momentive Pension Service Center and Mercer via telephone and made repeated demands and appeals that the Plan pay Plaintiff the benefits due to her.

19. On March 22, 2012, Mercer sent Plaintiff's counsel correspondence via fax with extra copies of the W-4P Forms for Plaintiff to complete and return to Mercer even though Plaintiff had already mailed the same completed forms to Mercer in January 2012. (See March 22, 2012 Fax from Mercer, attached hereto as Exhibit D)

20. On March 23, 2012, Plaintiff's counsel sent Mercer correspondence via fax with completed copies of the W-4P Forms for Plaintiff. (See March 23, 2012 Fax to Mercer, attached hereto as Exhibit E)

21. On April 4, 2012, after Plaintiff's counsel again made repeated demands and appeals to Mercer via telephone, Plaintiff's counsel sent Mercer correspondence via fax again demanding that the Plan pay Plaintiff the benefits due to her. (See April 4, 2012 Demand Letter, attached hereto as Exhibit F)

22. To date, Plaintiff has not received any of the benefits due to her as a beneficiary under the Plan.

### COUNT I – The Plan

23. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

24. The Plan has improperly and unlawfully refused to pay Plaintiff the benefits due to her.

25. The Plan has improperly and unlawfully refused to consider Plaintiff's demands and appeals.

26. The Plan's refusal to pay Plaintiff the benefits due to her or consider Plaintiff's demands and appeals constitutes a denial of Plaintiff's benefits.

27. In the alternative, Plaintiff lacks meaningful access to review the Plan's administrative procedures because the Plan has refused to properly communicate the administrative and review procedures under the Plan.

28. Further, pursuing internal plan remedies has proved futile and will continue to be futile.

WHEREFORE, for all the foregoing reasons, Plaintiff prays this Honorable Court grant her the following relief:

(a) That this Honorable Court grant plenary consideration of Plaintiff's claim in accordance with her statutory and due process rights and enter judgment in Plaintiff's favor and against the Plan, and that the court order the Plan to pay benefits to Plaintiff in an amount equal to the contractual amount of benefits to

which she is entitled plus interest, as well as issue a declaratory judgment ordering the continued payment of benefits in accordance with the Plan's terms and conditions;

(b) In the alternative to (a), that this Honorable Court order the Plan to provide a full and fair review of Plaintiff's claim for benefits;

(c) That this Honorable Court award Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g); and

(d) That this Honorable Court award Plaintiff such other legal or equitable relief as the court deems appropriate, as well as the costs of this suit.

## COUNT II – Mercer

23. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

24. Mercer has improperly and unlawfully refused to pay Plaintiff the benefits due to her.

25. Mercer has improperly and unlawfully refused to consider Plaintiff's demands and appeals.

26. Mercer's refusal to pay Plaintiff the benefits due to her or consider Plaintiff's demands and appeals constitutes a denial of Plaintiff's benefits.

27. In the alternative, Plaintiff lacks meaningful access to review the Plan's administrative procedures because Mercer has refused to properly communicate the administrative and review procedures under the Plan.

28. Further, pursuing internal plan remedies has proved futile and will continue to be futile.

WHEREFORE, for all the foregoing reasons, Plaintiff prays this Honorable Court grant her the following relief:

(a) That this Honorable Court grant plenary consideration of Plaintiff's claim in accordance with her statutory and due process rights and enter judgment in Plaintiff's favor and against Mercer, and that the court order Mercer to pay benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled plus interest, as well as issue a declaratory judgment ordering the continued payment of benefits in accordance with the Plan's terms and conditions;

(b) In the alternative to (a), that this Honorable Court order Mercer to provide a full and fair review of Plaintiff's claim for benefits;

(c) That this Honorable Court award Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g); and

(d) That this Honorable Court award Plaintiff such other legal or equitable relief as the court deems appropriate, as well as the costs of this suit.

    Respectfully submitted,

    Joseph V. Roddy
    Attorney for Plaintiff

The Law Offices of Joseph V. Roddy
77 W. Washington Street, Suite 1100
Chicago, Illinois 60602
(312) 368-8220